FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 AUG -4  AM 8: 15

LORETTA G. WHYTE
       CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES HAROLD MOORE, JR., ET AL | CIVIL ACTION |
| versus | No. 03-2390 |
| STATE FARM MUTUAL AUTOMOBILE INS. CO., ET AL | SECTION: E/5 |

### ORDER AND REASONS

Plaintiffs' motion for partial summary judgment (doc. # 128) is before the Court.  The matter was submitted on the briefs. After consideration of the record, the parties' memoranda, the evidence and the law, and for the reasons that follow, the motion is DENIED.

### BACKGROUND

Plaintiff Jim Moore has been a State Farm agent since 1982. The parties to this lawsuit are also parties to several contracts and agreements entered into over the years which describe and define the parties' mutual obligations and benefits.  During the last five or six years, several disputes have arisen regarding the scope and terms of the contracts, giving rise to this litigation.  The parties have already been before the Court on a TRO and a motion for a preliminary injunction, which included



some of the same issues raised in this motion.[1]

Plaintiffs' motion for partial summary judgment requests that the Court decide the following issues:

1) that the non-solicitation provisions in the contracts are illegal, and as such, are null and void;
2) that plaintiffs can use the identities, addresses and telephone numbers of State Farm policy holders to compete with State Farm;
3) that plaintiffs have a statutorily protected right to continue to service their former State Farm customers as "producers of record"; and,
4) that plaintiffs are entitled to certain retirement benefits and termination payments as provided in the contracts between plaintiffs and State Farm.

In support of their motion for partial summary judgment, the plaintiffs' motion and memorandum referred the Court to the exhibits already in the record from their prior Motion for Preliminary Injunction, and, for the Court's convenience, attached copies of the contracts at issue, Jim Moore's affidavits, Bruce Burga's affidavit, and an excerpt from

---

[1] See this Court's Order and Reasons, dated June 23, 2005, r.d. #123, which referred these issues to the merits.

Moore's deposition.

State Farm argues that this motion is premature because additional discovery is necessary before it can adequately respond to the allegations in the motion, and that material facts remain in dispute.  Plaintiffs filed a reply in which they argue that the matters presented are ripe for summary judgment because there are no undisputed factual issues remaining, and that the only legal issues remain to be decided.

## ANALYSIS

A motion for summary judgment is properly granted only if there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L. Ed. 3d 265 (1986).  An issue is material if its resolution could affect the outcome of the action.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  In deciding whether a fact issue has been created, we must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. See Olabisiomotosho v. City of Houston, 185 F.3d 521, 525 (5th Cir. 1999).  However, once a moving party properly supports a

motion for summary judgment, the nonmoving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309, 311-12 (5th Cir. 1999), *quoting* Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047-48 (5th Cir. 1996).

State Farm points out that each of the issues addressed in the motion arise from the allegations in plaintiffs' Third Amended Complaint, which State Farm has not yet answered, and for which only limited discovery has been conducted.  First, there is, at this time, a factual dispute over the scope and interpretation of the non-solicitation clause in two of the contracts at issue, as well as which of the contracts governs. Plaintiffs refer to the clause as a "non-competition" clause, and point out that this Court has already held that the plaintiffs are entitled to engage in the insurance business in competition with State Farm, and that the State Farm insureds' names, addresses and policy information belongs to the customer. *See* Order and Reasons dated June 23, 2005, r.d. 123.  Plaintiffs further claim that the AA4 signed in 1982 controls, while State Farm argues that the 1982 contract was terminated and superceded

by the 1989 AA4 agreement.  State Farm argues that the clause at issue is a "non-solicitation" clause, which is expressly permitted by La. R.S. 23:921(C), and that the language in the clauses at issue limiting the non-solicitation to "any State Farm policyholder credited to the agent's account at the date of termination...." is sufficiently limited to pass muster.  The disputed facts are material to the question of whether the contractual clauses are permitted or prohibited by the applicable statute.

State Farm also argues that genuine issues remain as to the material facts regarding whether this Court's prior decision that "the names, addresses, and general policy information of State Farm's insureds belong to the insureds" is correct (the issue is on appeal), and how that decision impacts State Farm's claim of ownership of the compilation of that data.  The questions address the interpretation of the contractual provisions regarding plaintiffs' use of that information.

There is also a genuine factual dispute over whether plaintiffs are by contract exclusively State Farm agents.  The issue is whether plaintiffs are covered by L.S.A.-R.S. 22:1150, which would protect their "producer of record" status, since that

statute exempts "any producer who is an employee of an insurer or represents, by contractual agreement, only one insurer or a group of affiliated insurers...". Finally, State Farm argues that whether plaintiffs have met the contractual conditions that would entitle them to retirement benefits and termination payments is disputed. The Court agrees as to all issues.

Accordingly;

**IT IS ORDERED** that the plaintiffs' motion for partial summary judgment is **DENIED**, with leave for plaintiffs to resubmit the motion after a period for appropriate discovery.

New Orleans, Louisiana, August 3, 2005.

*[signature]*
**MARCEL LIVAUDAIS, JR.**
United States District Judge