FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 MAR 15  PM 4: 32

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES HAROLD MOORE, JR., ET AL      CIVIL ACTION

versus      No.  03-2390

STATE FARM MUTUAL AUTOMOBILE INS. CO., ET AL      SECTION: E/5

### ORDER AND REASONS

In response to plaintiffs'(hereinafter collectively "Moore") Third Amended Complaint[1] which named Fortis Insurance Company ("Fortis") as a defendant, Fortis filed a motion to dismiss or for a more definite statement pursuant to Fed. R. Civ. Pro. 12(e).  Record document #159.  Plaintiffs oppose the motion.  The matter was submitted on the briefs on March 15, 2006.  For the following reasons, the motion is denied.

### BACKGROUND

Moore's original complaint[2], filed August 22, 2003, alleged various state law (both Louisiana and Illinois) contract and tort claims against State Farm.[3]  At ¶¶ XL-XLL, that Complaint states

---

[1]Record document #125, filed June 22, 2005.

[2]The original Complaint included as defendants four named State Farm companies: State Farm Mutual Automobile Insurance Company, State Farm Live Insurance Company, State Farm Fire & Casualty Company, and State Farm General Insurance Company.

[3]For more factual detail, see record document #22, this Court's Order and Reasons granting in part and denying in part State Farm's Rule 12(b)(6) motion to dismiss Moore's complaint.



that in July of 2000, State Farm appointed Moore to sell Fortis individual health insurance policies without Moore's knowledge and consent; that Moore paid for his required training and did market and sell Fortis products; that as of May 13, 2003, Fortis terminated Moore's Fortis appointment at the request of State Farm; and, that prior to his Fortis appointment by State Farm, State Farm had insisted that Moore sign an "Insurance Placement Services, Inc.," ("IPSI") contract which provided that only the agent or IPSI had the right to terminate the agreement.

Moore filed an Amended and Restated Complaint[4] that at ¶¶ NN-PP restated the previous factual allegations regarding Fortis, and at Count Eleven, ¶ EEE, alleged violation of the Sherman Anti-Trust Act, 15 U.S.C. §1, as follows:

> State Farm and Fortis Insurance Company committed an act of boycott when it conspired to restrain trade by terminating Moore's agency's appointment with Fortis. This termination resulted in an unreasonable restraint of Moore's agency's health insurance sales. Since the termination of Moore's agency's appointment with Fortis, its clients have been denied access to health insurance which has resulted in damage to competition in the health insurance market. Moore's agency can no longer provide health insurance to its clients or prospective clients in his geographical market area. La. R.S. 51:122.

At ¶FFF, Moore further alleges that State Farm's termination of

---

[4]Record document #10, filed October 1, 2003.

2

Moore's Fortis agency appointment was meant to coerce Moore into signing a contract entitled the "Licensed Staff Agreement" ("LSA"), which Moore claims would result in his giving up his contractual rights under his original 1982 Agency Agreement ("AA4") with State Farm.

On December 10, 2004, Moore filed a Second Amended Complaint[5] that added as a defendant "any subsidiary of State Farm with which Moore and Moore's Agency were engaged in business" pursuant to the 1982 AA4 contract and the 1989 Memorandum of Agreement which was an amendment to the 1982 AA4 contract. State Farm responded with a motion for a more definite statement, requesting specific identities for "any subsidiary of State Farm" added as a defendant.[6] Shortly thereafter, Moore filed the Third Amended Complaint ("TAC") naming Fortis as a defendant.

As did the prior amended complaints, the TAC incorporated by reference the factual allegations and legal claims stated in all prior complaints. At ¶¶Q-26, the TAC alleges as follows:

> "... State Farm has consistently undertaken to damage Moore and the Moore Agency and to the extent that Fortis Insurance Company has joined with its joint venture partner (admitted in the Answer of State Farm, see

---

[5]Record document #27.

[6]Record document #53.

paragraph NN in State Farm's Answer) thereby collectively causing Moore and the Moore Agency to now be placed in a position that it can no longer conduct business in any form, effective April 30, 2005.

State Farm argues that Moore's TAC fails to state a claim against Fortis, and fails to adequately notify Fortis of what Moore's claim against it is based upon.  It also argues that allowing Moore to untimely file the TAC adding Fortis as a defendant only few months before trial and after substantial litigation has occurred, and after the deadline for amending pleadings has past, is improper.  Finally, Fortis argues the TAC does not address the Court's jurisdiction as required by Rule 8(a).

**ANALYSIS**

Federal Rule of Civil Procedure 8(a) requires that a pleading which sets forth a claim for relief shall contain a short and plain statement of (1) the court's jurisdiction, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought.  "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)."  Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 164 (5th Cir. 1999) *citing* 5 WRIGHT & MILLER, FED. PRACTICE & PROCEDURE: Civil § 1356 at 590-591.

4

A complaint is deficient if it fails to provide notice of circumstances which give rise to the claim, or fails to set forth sufficient information to outline the elements of the claim or to permit inferences to be drawn that these elements exist.  <u>Beanal</u>, at <u>id.</u>

The Sherman Anti-Trust Act provides in relevant part that "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states, or with foreign nations, is hereby declared illegal."  15 U.S.C. §1.  In order to state a claim pursuant to Section 1 of the Sherman Anti-Trust Act, "a plaintiff must allege (1) the existence of a conspiracy (2) affecting interstate commerce (3) that imposes an 'unreasonable' restraint of trade."  <u>Dillard v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.</u>, 961 F.2d 1148, 1158 (5th Cir. 1992)(citation omitted).

Louisiana's anti-trust statute nearly mirrors Section 1 of the Sherman Anti-Trust Act:  "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in this state is illegal."  LSA R.S. 55:122.  "To state a claim under LSA-R.S. 51:122, the plaintiff is required to allege that the defendant is a party to a contract which results in an **unreasonable** restraint of trade."  <u>Jefferson v. Chevron U.S.A., Inc.</u>, 713 So.2d 785 (La. App. 4Cir. 1998)(emphasis in

original), *citing* <u>Reppond v. City of Denham Springs</u>, 572 So.2d 224, 230 (La.App. 1 Cir. 1990).

Taking the allegations in Moore's four complaints together, as Fortis must, his claims against Fortis pass Rule 8(a) muster. The statement of this Court's jurisdiction over Fortis appears at ¶1 of the TAC.  The complaints assert factual allegations sufficient to provide notice of the circumstances which give rise to the claim, and set forth sufficient information to outline the elements of the claim.  The factual allegations contained in the Original Complaint and the Amended and Restated Complaint assert that State Farm appointed Moore to sell Fortis insurance products without his knowledge or consent and pressured him to sign the IPSI contract allowing him to sell the Fortis products, and then two years later Fortis, at State Farm's instruction, cancelled his Fortis appointment in an attempt to coerce him into signing the State Farm LSA, which, according to the allegations, would infringe on Moore's rights under his earlier contracts with State Farm.  Paragraph EEE of the Amended and Restated Complaint alleges that these activities violate Section 1 of the Sherman Anti-Trust Act and LSA-R.S. 51:122 because State Farm and Fortis "conspired to restrain trade by terminating Moore's agency appointment with Fortis" resulting in "an unreasonable restraint of Moore's health insurance sales", which "resulted in damage to

6

competition in the health insurance market."

Finally, the trial setting for January 30, 2006, along with the associated cut-off dates, was continued on November 29, 2005. Record document #192.  The trial has been reset for November of 2006, allowing Fortis nearly a year for trial preparation and necessary discovery.

Accordingly,

**IT IS ORDERED** that Fortis's motion to dismiss or for a more definite statement is **DENIED.**

New Orleans, Louisiana, March ___15___, 2006.

_____
**MARCEL LIVAUDAIS, JR.**
United States District Judge

7