UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES HAROLD MOORE, JR., ET AL | CIVIL ACTION |
| versus | No. 03-2390 |
| STATE FARM MUTUAL AUTOMOBILE INS. CO., ET AL | SECTION: E/5 |

**ORDER AND REASONS**

On June 23, 2006, the Plaintiffs (collectively "Moore") filed a F.R.Civ.P. 59 "Motion for a New Trial or to Amend Order of June 7, 2006."  R.d. #275-1.  The State Farm Defendants ("State Farm") oppose the motion.  Because Moore's motion was not filed within ten days of the entry of the Court's Order as required by F.R.Civ.P. 59, and because no judgment has been entered, the Court construes Moore's motion as a motion for reconsideration.  For the reasons that follow, the motion is denied.

On June 7, 2006, the Court entered an Order and Reasons that granted in part and denied in part State Farm's F.R.Civ.P. 12(b)(6) motion to dismiss Moore's Third Amended Complaint and Alternative Motion to Stay.  R.d. #273.  Moore now argues that the Court's Order and Reasons did not address (1) his Louisiana Unfair Trade Practices claims pursuant to LSA-R.S. 22:1213 and 1214 for the effects of restraint of trade caused by State Farm's implementation of its Strategic Marketing Plans in 1994 and 2004;

(2) the private right of action regarding unfair trade practices in the insurance industry recognized in <u>Citizens Bank and Trust Company v. Westbank Agency, Inc.</u>, 540 so.2d 440, 443 (La. App. 1st Cir. 2/28/89), *writ denied* 5/12/89; and, (3) his claim of restraint of trade against State Farm for its "boycott, coercion, and intimidation" in placing Moore and his agency on non-submission for his refusal to execute the Licensed Staff Agreements ("LSA").  He argues that these claims were addressed at pages 7-10 of his memorandum in opposition to State Farm's motion to dismiss ("Moore's opposition"), *see* r.d. #166.  His memorandum in support of this motion for reconsideration argues that counts 17 and 19 state a claim against State Farm for "boycott, coercion, and intimidation" under LSA-R.S. 22:1213 and 1214, and also requests clarification of the Court's Order, arguing that this Court apparently recognized that Moore's allegation that State Farm's placing him on non-submission because he refused to execute the Licensed Staff Agreement states a valid unfair trade practices claim under the Louisiana statutes.

He is incorrect on both arguments.  Counts 17 and 19 of Moore's Third Amended Complaint claim damages arising from State Farm's implementation of its 1994 and 2004 SMPs.  At page 11 of its Order and Reasons, the Court observed that it "has already dismissed Moore's claims for damages from State Farm for its

2

alleged illegal redlining, unfair trade practices, restraint of trade, and discriminatory impact, all based on State Farm's implementation of its 1994 and 2004 SMP." At pages 5-6 of its Order and Reasons, the Court directly addressed Moore's restraint of trade claims based on State Farm's implementation of its SMP in 1994 and 2004 as follows:

> Moore further argues that State Farm's actions with respect to the SMPs amount to restraints of the insurance trade, and that in Edwards v. Your Credit, Inc., 148 F.3d 427, 435 (5th Cir. 1998), the Fifth Circuit recognized a private right of action for suits based on fraud or misrepresentations by insurance companies. Even if that is so, this is not a suit by an aggrieved policy holder based on fraud or misrepresentations by an insurance company regarding policy terms or coverage issues. Moore claims damages for the reduction of his income and retirement payments as a State Farm agent resulting from State Farm's implementation of the SMPs. Moreover, the LCI has exclusive jurisdiction over the restraint of trade claim, that State Farm implemented the SMP without LDI approval, which is essentially an unfair trade practices claim pursuant to the LUTPA. The Louisiana Insurance Code, La.R.S. 22:652, 652.4, and 1214(7) spell out the elements of unfair discrimination in the insurance business, and at Sections 652.4(C) and 1215, empower the Commissioner of Insurance to enforce the provisions.

While the Court made specific reference to section 1214(7), which addresses unfair discrimination, Moore argues that the Court did not address his claims unfair trade practices claims arising from State Farm's alleged actions of boycott, coercion and intimidation. Section 1214(4) defines "Boycott, coercion and intimidation" as:

3

> Entering into any agreement to commit or by any concerted action committing any act of boycott, coercion or intimidation resulting or tending to result in unreasonable restraint of, or a monopoly in, the business of insurance.

Nowhere in Moore's original and amended complaints is there any factual allegation that State Farm's implementation of its 1994 and 2004 SMPs, or that State Farm's alleged acts of coercion in placing his agency on "non-submission" when he and his "sub-agents and secretaries" refused to sign the LSAs, were the result of any agreement or concerted action with any other entity or person as required by the state statute.

Count 18 of the Third Amended Complaint claims damages, *inter alia*, for State Farm's alleged breach of his agency contract when State Farm placed him on "non-submission" and terminated the rights of his staff to "operate for State Farm". In its June 7, 2006 Order and Reasons, at page 9, after a careful review of the factual allegations supporting the breach of contract claims in Count 18, the Court found that Count 18 of the Third Amended Complaint does state breach of contract claims against State Farm and Mary Bitzer.  However, the Court finds that Citizens Bank and Trust Company, 540 So.2d at, 443, cited by Moore as supporting his argument that State Farm's coercive imposition of the LSA is an illegal restraint on trade, does not apply to this case.  In that case, the plaintiff sought to

4

enforce an agreement with one insurance agency to impose a non-compete agreement on an third party insurance agency that was not a party to underlying agreement, unlike here where State Farm sought to impose its LSA on Moore and his own agency, sub-agents and secretaries.  The <u>Citizens Bank and Trust Company</u> court observed that "[i]f the obligation incurred by Stephen Harmon in the non-competition agreement is a promise to boycott, coerce or intimidate Thomas Harmon, then the agreement is unlawful and unenforceable."  <u>Id.</u> at 443.

While this Court's Order and Reasons recognized that Moore's breach of contract claims survived State Farm's motion to dismiss, see pages 9 and 18, there is no recognition anywhere in its Order and Reasons that Moore has stated an unfair trade practices claim associated with Moore being placed on non-submission and prohibited from engaging in business as a result of his refusal to execute, or require his employees to execute the LSA.

Moore's motion for a rehearing (r.d. #275-1) is **DENIED.**

New Orleans, Louisiana, July 19, 2006.

**MARCEL LIVAUDAIS, JR.**
United States District Judge