UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JAMES HAROLD MOORE, JR., ET AL.                    CIVIL ACTION


VERSUS                                             NUMBER 03-2390
                                                   REF: ALL CASES


STATE FARM MUTUAL AUTOMOBILE                       SECTION "L" (5)
INSURANCE COMPANY, ET AL.


ORDER & REASONS

Before the Court is the Plaintiffs' Motion for Reconsideration and/or New Trial (Rec.

Doc. 500) on the issue of coverage in the consolidated action.  The Court heard oral argument

and took this motion under submission.  For the following reasons, the Plaintiffs' motion is now

DENIED.

I.      BACKGROUND

        On May 4, 2007, the Court issued an omnibus Order & Reasons that set forth the factual

background of this litigation and addressed a number of outstanding motions.  *See* Rec. Doc.

497.  On May 21, 2007, the Plaintiffs filed the instant motion for reconsideration, asking the

Court to revisit the issue of coverage, which was one issue addressed in that decision.  In its May

4, 2007 Order & Reasons, the Court concluded that neither State Farm Fire and Casualty

Company ("State Farm F&C") nor American Home Assurance Company ("American Home")

has a duty to defend or indemnify the Plaintiffs in this case, and resolved the parties' cross-

motions on coverage accordingly.  *Id.* at 12-17.  For the sake of completeness, the Court will

now reproduce that portion of the omnibus Order & Reasons dealing with coverage:

### C.      Coverage Issues

As noted above, the Plaintiffs filed a second lawsuit in July 2006 against American Home Assurance Company ("American Home") and State Farm Fire and Casualty Company ("State Farm F&C").  The Plaintiffs seek a declaration that they are entitled to insurance coverage for the defense and indemnity of the claims asserted by the other State Farm defendants in the underlying consolidated litigation.[1]  Specifically, the Plaintiffs seek (1) attorneys' fees and expenses incurred with regard to State Farm's Motion for Injunctive Relief, filed on December 20, 2004 (Rec. Doc. 31), and associated injunction proceedings, and (2) defense and indemnity with regard to the State Farm counterclaim (Rec. Doc. 158) and amended counterclaim (Rec. Doc. 351).  The insurers contend that the respective policies do not provide coverage in this case.

The Court has already discussed the applicable standards for granting summary judgment.  *See supra* Part II.B.  The interpretation of an insurance contract is typically a question of law that can be properly resolved in a motion for summary judgment.  *See Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2182 & 99-2257 (La. 2/29/00), 755 So. 2d 226, 230.  Under Louisiana law, an insurance policy is an agreement between the parties and is interpreted using ordinary contract principles.  *See Reynolds v. Select Props., Ltd.*, 93-1480 (La. 4/11/94), 634 So. 2d 1180, 1183.  Therefore, when the words of the policy are clear, unambiguously express the intent of the parties, and lead to no absurd consequences, the contract must be enforced as written.  *See Cent. La. Elec. Co. v. Westinghouse Elec. Corp.*, 579 So. 2d 981, 985 (La. 1991).  If, however, the words of the policy are ambiguous, the ambiguous provision is to be construed against the drafter and in favor of the insured.  *See La. Ins. Guar. Ass'n v. Interstate Fire & Cas. Co.*, 93-911 (La. 1/14/94), 630 So. 2d 759, 763-64.

### *1.      American Home Assurance Company Policy*

The parties have filed cross-motions for summary judgment on the issue of coverage under the American Home policy.  During the relevant time periods, American Home issued a professional liability "errors & omissions" insurance policy to Jim Moore Insurance Agency, Inc., bearing Policy No. 18-22-1744, which provides in the insuring agreement that American Home will "pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of any claim . . . arising out of . . . [a]ny negligent act, error or omission in rendering or failing to render professional services for others in the Insured's capacity as an Insurance Agent."  (Ex. A to American Home's Motion.)

---

[1]      The Plaintiffs make an ancillary claim for damages as well, seeking reimbursement of past and future expenses associated with the defense of such claims.

American Home argues that there is no coverage because the claims made by State Farm against the Plaintiffs in its motion for injunctive relief and in its counterclaim will not require the Plaintiffs to pay damages, as required by the policy. In addition, American Home argues that State Farm does not allege negligence by the Plaintiffs in the rendering of professional services for others. The Plaintiffs respond that State Farm seeks damages under article 1997 of the *Louisiana Civil Code* and that State Farm's allegations are sufficient to trigger coverage.

The Court finds, however, that State Farm does not seek damages in this litigation, but only injunctive and declaratory relief. It is undisputed that State Farm did not seek damages by virtue of its Motion for Injunctive Relief, filed on December 20, 2004 (Rec. Doc. 31). Similarly, State Farm does not seek damages in either its counterclaim or amended counterclaim. *See* Counterclaim ¶¶ 18, 29; Amended Counterclaim ¶¶ 29, 40. The only mention of damages appears in the jurisdictional statement for the joinder of additional counter-defendants, in which State Farm notes that "the amount in controversy, including the value of injunctive relief," exceeds $75,000. *See* Counterclaim ¶ 22; Amended Counterclaim ¶ 33. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). State Farm's attempt to value the injunctive relief sought does not transform its counterclaim into one for damages.

Lastly, the Plaintiffs point to State Farm's answer, which asserts as its twenty-seventh defense that "[p]ursuant to La. Civ. Code art. 1997, Defendants are entitled to offset against Plaintiffs' claimed damages any foreseeable or unforeseeable damages that ought to be awarded for Plaintiffs' bad-faith breach of contact." *See* Answer and Affirmative Defenses at 14 (Rec. Doc. 23); First Amended Answer and Affirmative Defenses at 14 (Rec. Doc. 248). Article 1997 provides that "an obligor [who acts] in bad faith is liable for all . . . damages, foreseeable or not, that are a direct consequence of his failure to perform." La. Civ. Code. Ann. art. 1997.

The Court finds, however, that the Plaintiffs cannot "become legally obligated to pay" damages by virtue of State Farm's set-off affirmative defense, and therefore that this affirmative defense does not trigger coverage under the policy. By pleading article 1997 as an affirmative defense in its answer, and by abandoning any claims under article 1997 in its counterclaim, State Farm has limited its relief under this article to a reduction of the Plaintiffs' damages. At most, State Farm may be entitled to a set-off up to, but not exceeding, the amount of the Plaintiffs' claims. *See Myers v. Hurley Motor Co.*, 273 U.S. 18, 27 (1927) ("The defense, in effect, is that the plaintiff was guilty of tortious conduct to the injury of the defendant in the transaction out of which his own cause of action arose. In such case it is well settled that the relief is by way of recoupment–that is, that the amount of defendant's damage can be allowed only in abatement or diminution of plaintiff's claim–and that defendant cannot, at least in that action, recover any excess.").

Because the plain language of the American Home policy provides coverage only for "sums which the Insured shall become legally obligated to pay as damages," the Court finds that the Plaintiffs are neither entitled to reimbursement of fees and costs associated with the injunction proceedings nor to indemnity or defense related to State Farm's counterclaim. *See Aetna Cas. & Sur. Co. v. Hanna*, 224 F.2d 499, 503 (5th Cir. 1955) ("The obligation of the insurer to pay is limited to 'damages,' a word which has an accepted technical meaning in law.").[2]  Accordingly, IT IS ORDERED that American Home's Motion for Summary Judgment (Rec. Doc. 408) is GRANTED and that the Plaintiffs' Cross-Motion for Summary Judgment (Rec. Doc. 418) is DENIED.

### 2.    *State Farm Fire and Casualty Company Policies*

The parties have also filed cross-motions for summary judgment on the issue of coverage under the State Farm F&C policies.  During the relevant time periods, State Farm F&C provided (1) a business office insurance policy to Jim Moore, bearing Policy Number 98-14-6305-2, (2) a commercial liability umbrella policy to Jim Moore Insurance Agency, Inc., bearing Policy Number 98-CW-7308-6F, (3) a business office insurance policy to Blanche Moore d/ba Moore Insurance Agency, bearing Policy Number 98-CW-0906-8, and (4) a commercial liability umbrella policy to Blanche Moore d/ba Moore Insurance Agency, bearing Policy Number 98-CW-7024-3F.  These policies contain the same language as the American Home policy discussed above, providing coverage only for "those sums that the insured becomes legally obligated to pay as damages."  *See* Ex. 1-3 to State Farm F& C's Answer (Rec. Doc. 314).

For the reasons discussed above with respect to the American Home policy, the Court also finds that there is no coverage under the State Farm F&C policies. Accordingly, IT IS ORDERED that State Farm Fire and Casualty Company's Motion for Summary Judgment (Rec. Doc. 427) is GRANTED, and that the Plaintiffs' Cross-Motion for Summary Judgment (Rec. Doc. 436) is DENIED.

*See* Rec. Doc. 497, at 12-17.

## II.    PRESENT MOTION

The Plaintiffs assert three arguments in support of the instant motion for reconsideration.

First, they contend that the Court confused the concept of "offset" with concepts of

"recoupment," "abatement," "set-off," and "diminution," and that in fact the State Farm

---

[2]      Thus, the Court need not address whether or not State Farm's allegations relate to the provision of professional services.

defendants have asserted a claim for damages in the underlying litigation, thus triggering

coverage.  Second, the Plaintiffs argue that the Court focused only on the indemnity language in

the relevant policies, and failed to consider the insurers' broader obligation to provide a defense.

Third, the Plaintiffs contend that the Court failed to consider coverage under the State Farm F&C

homeowner's policy, and thus they have no indication of why coverage was denied under that

policy.

### III.    LAW & ANALYSIS

#### A.    Standard of Review

Since the *Federal Rules of Civil Procedure* do not specifically recognize a motion for

reconsideration, such a motion is treated as either a motion to alter or amend judgment under

Rule 59(e) or a motion for relief from judgment or order under Rule 60(b).  *See Ford v. Elsbury*,

32 F.3d 931, 937 (5th Cir. 1994); *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167,

173 (5th Cir. 1990).  If the motion is filed within ten days of the rendition of judgment, it shall

be governed by Rule 59(e); if the motion is filed after ten days of the rendition of judgment, it

shall be governed by Rule 60(b).  *See Lavespere*, 910 F.2d at 173.  In the present case, the

Court's Order & Reasons was signed on May 4, 2007, but was not entered onto the Court's

electronic docket until May 7, 2007.  The Plaintiffs' motion was filed on May 21, 2007.

Accordingly, the Plaintiffs' motion was filed within ten business days of the entry of the Court's

ruling and, as such, it is subject to the standards of Rule 59(e).

"Courts in this district hold that a moving party must satisfy at least one of the following

criteria to prevail on a Rule 59(e) motion:  (1) the motion is necessary to correct a manifest error

of fact or law; (2) the movant presents newly discovered or previously unavailable evidence; (3)

the motion is necessary in order to prevent manifest injustice; [or] (4) the motion is justified by

an intervening change in the controlling law." *Motiva Enters. LLC v. Wegmann*, No. 00-3096,

2001 WL 246414 (E.D. La. Mar. 12, 2001).  Here, the Plaintiffs ask the Court to reconsider its

decision denying coverage to correct manifest errors of law and to prevent manifest injustice.

The Court will address each of the Plaintiffs' arguments in turn.

**B.      Is Coverage Triggered?**

First, the Plaintiffs contend that the Court confused the concept of "offset" with concepts

of "recoupment," "abatement," "set-off," and "diminution," and that in fact the State Farm

defendants have asserted a claim for damages in the underlying litigation, thus triggering

coverage.  However, these are distinctions without a difference in this case.  The essence of the

Court's holding was that by pleading "bad-faith" breach of contract under Article 1997 of the

*Louisiana Civil Code* in their answer, the State Farm defendants limited themselves to a potential

reduction of any potential recovery by the Plaintiffs in their original lawsuit.  The Court stands

by its conclusion that the State Farm defendants have not asserted a claim for damages in this

case and therefore that the Plaintiffs cannot become legally obligated to pay damages and that

coverage is not triggered under the relevant policies.

However, the Court takes this opportunity to address two separate and independent

reasons why coverage is not triggered in this case.  In its omnibus Order & Reasons, the Court

did not reach State Farm F&C's alternative argument that coverage is not triggered due to a lack

of "bodily injury," "property damage," "personal injury," or "advertising injury," as required by

its policies.  Nor did the Court address American Home's alternative argument that coverage is

not triggered due to a lack of provision of professional services "to others," as required by its

policy.  These alternative arguments are well-founded, and also justify the conclusion reached in

the Court's omnibus Order & Reasons.

6

The State Farm F&C business policies contain the following language:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of bodily injury, property damage, personal injury or advertising injury to which this insurance applies. . . .  We will have the right and duty to defend any claim or suit seeking damages payable under this policy . . .

*See* Ex. 1 & 2 to State Farm F&C's Answer (Rec. Doc. 314).  The State Farm F&C commercial liability umbrella policy contains the following language:

> If you are legally obligated to pay damages for [bodily injury, personal injury, property damage, or advertising injury] to which this insurance applies, we will pay your net loss minus the retained limit. . . .  If claim or suit is covered by this policy but not covered by any underlying insurance or any other insurance available to the insured, we will have the right and duty to defend any claim or suit seeking damages payable under this policy . . .

*See* Ex. 3 to State Farm F&C's Answer (Rec. Doc. 314).  The American Home policy contains the following language:

> [American Home agrees] [t]o pay on behalf of the Insured all sums which the insured shall become legally obligated to pay as damages because of any claim . . . arising out of:  (A) Any negligent act, error or omission in rendering or failing to render professional services for others in the Insured's capacity as an Insurance Agent for the Insurance Company . . . [or] (B) Personal injury caused by an offense arising out of the rendering or failing to render professional services for others in the Insured's capacity as an Insurance Agent for the Insurance Company.

*See* Ex. A to American Home's motion (Rec. Doc. 408).

With respect to State Farm F&C's alternative argument, the Court finds that this case does not involve "bodily injury, personal injury, property damage, or advertising injury," as those terms are defined in the relevant policies.  The State Farm defendants allege that the Plaintiffs improperly disclosed during this litigation confidential, proprietary, and/or trade secret materials in violation of their agency contract with State Farm.  Thus, even if it could be said that State Farm has made a claim for damages, coverage is nevertheless not triggered in this case and State Farm F&C would still be entitled to summary judgment on the Plaintiffs' coverage claims.

7

With respect to American Home's alternative argument, the Court finds that State Farm's claims in the underlying litigation are not claims that arise out of errors or omissions in the Plaintiffs' provision of professional services to others, as required by the American Home policy.  The State Farm defendants allege that the Plaintiffs improperly disclosed during this litigation confidential, proprietary, and/or trade secret materials in violation of their agency contract with State Farm.  These alleged disclosures do not relate to "services performed by [the Plaintiffs] in the ordinary course of the practice of [their] profession, on behalf of another, pursuant to some agreement, express or implied, and for which it could reasonably be expected some compensation would be due."  *Aker v. Sabatier*, 200 So. 2d 94, 97 (La Ct. App. 1967) (noting the usual connotation of the phrase "professional services").  Thus, even if it could be said that State Farm has made a claim for damages, coverage is nevertheless not triggered in this case and American Home would still be entitled to summary judgment on the Plaintiffs' coverage claims.

### C.     Duty to Defend

Second, the Plaintiffs argue that the Court focused only on the indemnity language in the relevant policies, and failed to consider the insurers' broader obligation to provide a defense. However, the Court considered all relevant policy language in reaching its conclusion on the issue of coverage (and has now reproduced all such language above), and found that the Plaintiffs were not entitled to indemnity nor defense.  Thus, for the reasons stated in the May 4, 2007 Order & Reasons, and for the additional reasons stated above, the Court stands by its conclusion that coverage is unambiguously excluded in this case.

### D.     State Farm F&C Homeowner's Policy

Third, the Plaintiffs contend that the Court failed to consider coverage under the State

Farm F&C homeowner's policy, and thus they have no indication of why coverage was denied under that policy.  The Plaintiffs did note the existence of this policy in the introduction to their motion for summary judgment (Rec. Doc. 436), and relied on it in arguing for coverage. Accordingly, the Court will now addresses coverage under that policy.

During the relevant time period, State Farm F&C also provided to the Plaintiffs a homeowner's policy, bearing Policy Number 18-23-3040-5F.  That policy provides that "[i]f a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will . . . pay up to our limit of liability for the damages for which the insured is legally liable; and provide a defense at our expense."  Thus, bodily injury and property damage are also prerequisites to coverage under the homeowner's policy, and therefore coverage is unambiguously excluded under this policy as well for the reasons stated above.

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion for Reconsideration and/or New Trial (Rec. Doc. 500) is DENIED.  An appropriate judgment will be entered in the coverage case, Civil Action No. 06-3515.

New Orleans, Louisiana, this 24th day of August, 2007.

_____

UNITED STATES DISTRICT JUDGE

9