UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES H. MOORE, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 03-2390** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL.** | **SECTION "L" (5)** |

## ORDER & REASONS

IT IS ORDERED that the Defendants' Motion for Expedited Consideration of Defendants' Motion for Declaratory Judgment (Rec. Doc. 680) is GRANTED. But for the following reasons, IT IS FURTHER ORDERED that the Defendants' Motion for Declaratory Judgment (Rec. Doc. 681) is DENIED.

The Court has previously summarized the facts and procedural history of this matter. *See Moore v. State Farm Mut. Auto. Ins. Co.*, __ F. Supp. 2d __, 2007 WL 1343338 (E.D. La. May 4, 2007). Following a jury trial, on December 19, 2007 the Court entered a final Judgment dismissing the Plaintiffs' claims with prejudice and, with respect to the Defendants' counterclaim, declaring that the Plaintiffs breached the 1989 agency contract. *See* Rec. Doc. 666.

Now, for the very first time in this matter, in a post-trial, post-judgment motion, the Defendants seek an additional declaration from the Court, namely that they are relieved of any obligation to make termination payments to the Plaintiffs under the contract. The Defendants argue that the jury's finding on their counterclaim, together with the terms of the contract, dictate such a result. However, this request does not appear in the Defendants' original counterclaim, nor in any other prior pleadings in this matter.

The Declaratory Judgment Act contemplates that the Court "may declare the rights and other legal relations of any interested party seeking such declaration," but only "upon the filing of an *appropriate* pleading." 28 U.S.C. § 2201(a) (emphasis added). Moreover, Rule 57 of the *Federal Rules of Civil Procedure* provides that "[t]he procedure for obtaining a declaratory judgment . . . shall be in accordance with these rules." Fed. R. Civ. P. 57. As one court has noted,

> Commentators have concluded that, taken together, these provisions require the filing of a complaint to commence a declaratory judgment action. In appropriate circumstances, declaratory judgment may be sought by way of counterclaim or cross-claim. Defendants cite no authority whereby a court could find appropriate a request for declaratory relief in a pre-answer motion, such as is attempted here.

*Redmond v. Alexander*, 98 B.R. 557, 559 (D. Kan. 1989) (internal citations omitted); *see also* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2768 (3d. ed. 1998) ("Thus, the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions. Consequently the action is commenced by filing a complaint with the clerk and the issuance of a summons by the clerk, as provided in Rules 3 and 4.").

Similarly, in this case the Defendants cite no authority demonstrating the appropriateness of their newly-minted request for additional declaratory relief, made for the first time in a post-trial, post-judgment motion. Indeed, the Court finds that the Defendants' request is inappropriate and therefore their Motion for Declaratory Judgment (Rec. Doc. 681) is DENIED.

New Orleans, Louisiana, this  22nd  day of  January , 2008.

_____
UNITED STATES DISTRICT JUDGE