UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES H. MOORE, JR., ET AL. | CIVIL ACTION |
| VERSUS | NUMBER 03-2390<br>REF: ALL CASES |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE CO., ET AL. | SECTION "L" (5) |

## ORDER & REASONS

Before the Court are two post-trial motions filed by the Plaintiffs in this matter, namely the Plaintiffs' Motion for Rule 60 Relief (Rec. Doc. 667) and the Plaintiffs' multi-pronged Renewed Motion for Judgment as a Matter of Law; Motion for New Trial or Judgment Notwithstanding the Verdict; and Motion for Rule 60 Relief (Rec. Doc. 669). For the following reasons, both motions are now DENIED.

### I.   BACKGROUND

The Court has previously summarized the facts and procedural history of these consolidated cases. *See Moore v. State Farm Mut. Auto. Ins. Co.*, 520 F. Supp. 2d 815 (E.D. La. 2007). In that decision, the Court resolved a number of outstanding motions in both cases, including several motions for partial summary judgment. Of particular relevance to the instant post-trial motions, the Court concluded at that time that neither State Farm Fire and Casualty Company nor American Home Assurance Company had a duty to defend or indemnify the Plaintiffs under the relevant insurance policies. *Id.* at 824-26. On August 27, 2007, the Court denied the Plaintiffs' motion for reconsideration on this issue and provided supplemental reasons for its decision. *See Moore v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2462656 (E.D. La. Aug.

27, 2007).  Thereafter, on September 10, 2007, the Court issued a final Judgment dismissing the Plaintiffs' claims for insurance coverage and closing the consolidated "coverage" case bearing docket number 06-3515.

On August 27, 2007, the Court also denied all remaining outstanding motions in the lead case bearing docket number 03-2390 and set the matter for trial.  *See Moore v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2462655 (E.D. La. Aug. 27, 2007).  The case was tried to a jury from December 3, 2007 until December 11, 2007.  Based on the jury's findings, the Court entered a final Judgment on December 19, 2007 dismissing the Plaintiffs' claims with prejudice and, with respect to the Defendants' counterclaim, declaring that the Plaintiffs breached the 1989 agency contract.  *See* Rec. Doc. 666.

Finally, on January 22, 2008, the Court denied the Defendants' post-trial request for additional declaratory relief regarding their obligations to make termination payments to the Plaintiffs under the 1989 contract.  *See Moore v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 191253 (E.D. La. Jan. 23, 2008).[1]

## II.   PRESENT MOTIONS

The Plaintiffs have filed two post-trial motions seeking various forms of relief.

First, on December 19, 2007, the Plaintiffs filed a motion seeking relief under Rule 60 of the *Federal Rules of Civil Procedure*.  In this motion, the Court is asked to estop the Defendants from asserting what the Plaintiffs refer to as a "claim for liquidated damages in the form of

---

[1] In this most recent decision, the Court incorrectly noted that the specific declaration requested by the Defendants had not been mentioned in any prior pleadings.  In fact, this request does appear in the Defendants' original counterclaim, at paragraph eighteen, and in their amended and restated counterclaim, at paragraph twenty-nine.  *See* Rec. Docs. 158 & 351.  Nevertheless, the Court stands by its decision given the Defendants' abandonment of this specific request, as described below.

termination of [the Plaintiffs'] termination benefits." Alternatively, the Plaintiffs ask the Court to revisit its decision on insurance coverage in light of the Defendants' alleged revival of this "claim."

Second, on January 4, 2008, the Plaintiffs filed a motion seeking relief under Rules 50, 59, and 60 of the *Federal Rules of Civil Procedure*. In this multi-pronged motion, the Plaintiffs (1) renew their Rule 50 motion for judgment as a matter of law made at the close of the Defendants' case, arguing that no reasonable jury could have found for the Defendants on the counterclaim, (2) assert a Rule 59 motion for a new trial, and (3) curiously reassert the arguments for Rule 60 relief that they previously made in the first post-trial motion discussed above.

### III.  LAW & ANALYSIS

Notwithstanding the Plaintiffs' chosen organization, the Court will address the Plaintiffs' various arguments for post-trial relief under each of the rules invoked. Moreover, because both motions ultimately fail on the merits, the Court will ignore any potential procedural problems that may have infected these motions.[2]

### A.   Rule 50

At the close of the Defendants' evidence at trial, the Plaintiffs moved for judgment as a matter of law on the Defendants' counterclaim pursuant to Rule 50(a). The Court orally denied

---

[2] The primary procedural issue concerns the timeliness and propriety of a number of arguments that appear to challenge the Court's dismissal of the "coverage" case bearing docket number 06-3515. A final judgment was entered in the coverage case on September 10, 2007, and the Plaintiffs subsequently appealed. *See Moore v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 2462656 (E.D. La. Aug. 27, 2007), *appeal docketed*, No. 07-30865 (5th Cir. Sept. 21, 2007). The Court will not dwell on this issue, however, because its ultimate resolution of the Plaintiffs' arguments is "in furtherance of the appeal." *Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984).

this motion on the record.  *See* Trial Transcript, Dec. 10, 2007, at 57:24–62:8.  The Plaintiffs now renew their motion as provided for by Rule 50(b).

Judgment as a matter of law is appropriate with respect to a given issue if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [opposing] party on that issue."  Fed. R. Civ. P. 50(a)(1).  "This occurs when the facts and inferences point so strongly and overwhelmingly in the movant's favor that reasonable jurors could not reach a contrary verdict."  *Brennan's Inc. v. Dickie Brennan & Co.*, 376 F.3d 356, 362 (5th Cir. 2004).  In applying this standard, "the court must review all of the evidence in the record, drawing all reasonable inferences in favor of the nonmoving party; the court may not make credibility determinations or weigh the evidence, as those are jury functions."  *Id.*

There has been considerable debate throughout the course of this litigation over the nature of the Defendants' counterclaim.  The Defendants' counterclaim was first pled on August 11, 2005.  *See* Rec. Doc. 158.  Among other things, the Defendants' original counterclaim alleged that the "Plaintiffs intentionally converted insurance policies written and serviced by State Farm into policies written and serviced by some other carrier(s), without the consent of the policyholders or State Farm," *id.* at ¶ 10, and that "[a]fter converting the policies, Plaintiffs sold their interest in the policies to an independent insurance agency, the Moore Insurance Agency, a sole proprietorship which is owned and operated by Plaintiff James Moore's wife, Blanche Moore," *id.* at ¶ 11.  The Defendants' original counterclaim also alleged that prior to the termination of the 1989 agency contract, "Plaintiff Moore printed thousands of pages of State Farm's confidential, proprietary information . . . with the intention of and in preparation for violating the terms of his [contract]," *id.* at ¶ 13, and that he "removed these thousands of pages

4

from his business office and took them to his home," *id.* at ¶ 14.[3]

Considering all of the testimony and evidence presented at trial with respect to these issues, and drawing all reasonable inferences in favor of the Defendants, the Court concludes that the jury's finding that the Plaintiffs breached the 1989 agency contract does not lack a "legally sufficient evidentiary basis." Fed. R. Civ. P. 50(a). Indeed, the Court finds that the jury's conclusion in this respect is reasonable.

**B.     Rule 59**

The Plaintiffs have also joined a Rule 59 motion for a new trial to their renewed motion for judgment as a matter of law. Rule 59 provides that a new trial may be granted "on all or part of the issues . . . in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a). Although Rule 59(a) does not list specific grounds for a new trial, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985) (citations omitted); *see also McFadden v. Wal-Mart Stores*, No. 04-2547, 2006 WL 3087164, at *2 (E.D. La. Oct. 27, 2006).

Again, considering all of the testimony and evidence presented at trial, the Court concludes that not one of the jury's findings on any of the claims submitted to it is against the weight of the evidence. Moreover, the Court finds that this case has been litigated fairly and that the ends of justice have undoubtedly been served in this matter.

---

[3] The Defendants' amended and restated counterclaim, filed on October 11, 2006, fleshes out these essential allegations. *See* Rec. Doc. 351.

### C. Rule 60

Rule 60 provides that "the court may relieve a party . . . from a final judgment . . . for . . . fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party." Fed. R. Civ. P. 60(b)(3). "A party making a Rule 60(b)(3) motion must establish (1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting [her] case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). With respect to the first factor, the Plaintiffs have "the burden of proving the misconduct by clear and convincing evidence." *Id.* With respect to the second factor, the Plaintiffs need not show that "the information withheld be such that it can alter the outcome of the case." *Id.* Indeed, Rule 60(b)(3) "is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978).

As noted above, the Plaintiffs' Rule 60 arguments relate to the Defendants' alleged "claim for liquidated damages in the form of termination of [the Plaintiffs'] termination benefits." No such claim was submitted to the jury. Rather, the jury merely found that the Plaintiffs breached the 1989 agency contract. Assuming for the sake of argument that the Defendants initially asserted a "claim" for liquidated damages, although the Court has previously found that they did not, such a claim was nevertheless abandoned at trial. Whatever business decisions the Defendants may make in the future, and whatever litigation may arise as a result, one thing is clear: the Plaintiffs are not entitled to Rule 60 relief.

### IV. CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Plaintiffs' Motion for Rule 60 Relief (Rec. Doc. 667) and the Plaintiffs' multi-pronged Renewed Motion for Judgment as a Matter of

Law; Motion for New Trial or Judgment Notwithstanding the Verdict; and Motion for Rule 60

Relief (Rec. Doc. 669) are DENIED.


New Orleans, Louisiana, this 28th day of January, 2008.

_____
UNITED STATES DISTRICT JUDGE