UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES H. MOORE, JR., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NUMBER 03-2390** |
| | **REF: ALL CASES** |
| **STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., ET AL.** | **SECTION "L" (5)** |

### ORDER & REASONS

Before the Court are the Defendants' Motion for District Court Review of the District Court Clerk's Award of Costs to Blanche Moore (Rec. Doc. 737) and Counter-Defendant Blanche Moore's Motion for a Review of Bill of Costs Determination (Rec. Doc. 735). The Court heard oral argument on the motions and took them under submission. For the following reasons, both motions are DENIED.

I.   **BACKGROUND**

After a one-week jury trial in this breach-of-contract case, the jury returned a verdict in favor of the Defendants ("State Farm") on each of the Plaintiffs' twenty-three claims. The jury also found in favor of State Farm on each of its counterclaims against the Plaintiffs, James Harold Moore, Jr., and Jim Moore Insurance Agency. Accordingly, the Court entered judgment with costs in favor of State Farm.[1]

Shortly before the close of the trial, however, State Farm had voluntarily dismissed its counterclaims as to Mr. Moore's wife, Blanche Moore, and Moore Insurance Agency

---

[1] For a more detailed factual background of this litigation leading up to the trial, see *Moore v. State Farm Mut. Auto. Ins. Co.*, 520 F. Supp. 2d 815 (E.D. La. 2007).

(collectively, "Ms. Moore") after learning that Ms. Moore would not be able to attend trial because of a medical condition. Although not a Plaintiff in the original action, Ms. Moore had been named as a Counter-Defendant in State Farm's Supplemental Answer and Counterclaim. (Rec. Doc. 158.) At the close of trial, the Court entered judgment with costs in favor of Ms. Moore as a third-party defendant. (Rec. Doc. 665.)

On March 28, 2008, Blanche Moore submitted a bill of costs to the Clerk of Court, seeking a total of $36,401.76 for expenses related to her defense of State Farm's claims against her. On May 19, 2008, after meeting with the parties on at least three separate occasions, the Clerk of Court issued a Bill of Costs awarding Ms. Moore a reduced total of $10,923.07. In reaching this figure, the Clerk of Court disallowed the following amounts from Ms. Moore's request: $14,928.69 of a total $21,169.25 sought for "[f]ees of the court reporter for all or any part of the transcript necessarily obtained for use in the case"; and $10,550.00 of a total $10,550.00 sought for "[o]ther costs." With regard to State Farm's counterclaims against Plaintiffs James Moore and Jim Moore Insurance Agency, the Clerk of Court approved a separate Bill of Costs in favor of State Farm totaling $59,013.74.

## II.  PRESENT MOTIONS

Ms. Moore has filed a Motion for Reconsideration of the Clerk's Bill of Costs (Rec. Doc. 735), asking the Court to reinstate the $14,928.69 for transcript fees and other expenses disallowed by the Clerk. Ms. Moore seeks to increase the total amount of her award of costs from $10,923.07 to $25,851.76. In support of her request, Ms. Moore argues that she is entitled to all costs associated with various depositions that her counsel took in preparation for trial. Ms. Moore claims that she had to depose all witnesses relating to the Plaintiffs' claims in the original action and State Farm's counterclaims against those Plaintiffs. According to Ms. Moore, it is

2

only natural that her costs are linked to and are in fact part of the same efforts that the original Plaintiffs undertook to defend against State Farm's counterclaims as to them, because the claims arose out of the same common facts.

State Farm opposes Ms. Moore's request and has also filed its own Motion to Review the Clerk's Bill of Costs (Rec. Doc. 737).  State Farm seeks a judgment modifying the Clerk's Bill of Costs to award Ms. Moore nothing.  State Farm advances two theories in support of its motion: 1) that the overwhelming majority of Ms. Moore's reported costs are solely attributable to her husband Mr. Moore's unsuccessful prosecution of twenty-three claims against State Farm by the same attorney who represents Ms. Moore; and 2) that even those costs attributable to Ms. Moore's preparation for litigation are not recoverable because they were incurred for activities that were otherwise useful to the named Plaintiffs.  The Court will address each of the parties' arguments in turn.

### III.   LAW & ANALYSIS

Federal Rule of Civil Procedure 54(d)(1) provides that, absent specific circumstances indicating otherwise, "costs–other than attorneys' fees–should be awarded to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  The Fifth Circuit strongly presumes that a court will award costs to a prevailing party.  *Salley v. E.I. DuPont de Nemours & Co.*, 966 F.2d 1011, 1017 (5th Cir. 1992).  Title 28, United States Code, Section 1920 states that recoverable costs include, among other potential expenses, "fees of the court reporter used for all or any part of the stenographic transcript necessarily obtained for use in the case."  28 U.S.C. § 1920.  Courts may decline to award costs that are permitted by 28 U.S.C. § 1920, but may not award costs that are not listed in the statute.  *Compton v. Taylor*, 2006 WL 1789045, *3 (S.D. Tex. June 27, 2006) (citing *Crawford Fitting Co. v. JT Gibbons, Inc.*, 482 U.S. 437, 442 (1987)).  In determining

whether to award costs related to depositions, "[t]he trial judge has great discretion to tax the cost of [a deposition] if he finds that 'all or any part [of the deposition]' was 'necessarily obtained for use in the case.'"  *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1553 (5th Cir. 1984) (quoting *Carpa, Inc. v. Ward Foods*, 567 F.2d 1316, 1323 (5th Cir. 1978), *overruled on other grounds*).  The Court conducts a *de novo* review of the Clerk's award of costs.  *See Krouse v. Amer. Sterilizer Co.*, 928 F. Supp. 543, 544 (W.D. Penn. 1996).  The Court will now address each of the parties' arguments in turn.

      A.      **Blanche Moore's Motion for Reconsideration**

In support of her motion for reconsideration, Ms. Moore argues that the claims against her were inextricably linked to the twenty-three claims asserted by the Plaintiffs against State Farm in the original action as well as State Farm's counterclaims against those Plaintiffs.  After meeting with the parties on at least three separate occasions, the Clerk of Court disagreed with Ms. Moore's initial request for $21,169.25 in deposition-related expenses.  Instead, the Clerk of Court found that Ms. Moore was entitled to only $6,240.56 for "[f]ees of the court reporter for all or any part of the transcript necessarily obtained for use in the case."  (Rec. Doc. 734.)  As the Clerk of Court evidently noted, costs incurred in the prosecution of the Plaintiffs' claims against the Defendants are not recoverable by Ms. Moore because she was not a party–much less the "prevailing party"–as to those claims.  Similarly, Ms. Moore is not entitled to recover costs incurred by the named Plaintiffs in defending the counterclaims against them or costs associated with depositions that she sought solely for discovery and investigation purposes.  *See Fulton Fed. Sav. & Loan Ass'n of Atlanta v. Amer. Ins. Co.*, 143 F.R.D. 292, 296 (N.D. Ga. 1991) ("[D]eposition costs incurred merely for the convenience of a party or a party's attorney, for purposes of investigation, or simply to aid a party in thorough preparation are not taxable.").

4

Rather, Ms. Moore is entitled to recover only those deposition-related expenses that were necessary for her to pursue her own defense in this matter. Accordingly, having reviewed the record, the parties' briefing, and the Clerk's Bill of Costs *de novo*, the Court finds that the Clerk's award of $10,923.07 in costs to Ms. Moore is correct given the particular facts of this case and the Court will adopt the findings in the Clerk's Bill of Costs.

### B.     State Farm's Motion for Reconsideration

State Farm argues that Ms. Moore should not be entitled to recover any costs because any depositions that she sought would have also been useful to James Moore and Jim Moore Insurance Agency, her similarly-situated counter-defendants who were represented by the same counsel as Ms. Moore. In support of its position, State Farm relies heavily on several cases that it claims stand for the proposition that a voluntarily dismissed party may not recover costs for activities that were otherwise useful to similarly-situated parties in the litigation. *See Moore v. Berwick Bay Oil Co.*, 1989 U.S. Dist. LEXIS 11758, *9 (E.D. La. Sep. 29, 1989); *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 369-70 (D.C. Cir. 1981). In essence, State Farm contends that Ms. Moore should not be entitled to compensation for any depositions that may have otherwise proved useful to the other counter-defendants, regardless of whether those depositions were independently necessary for her to prepare her own defense.

Under scrutiny, State Farm's argument rings hollow. In the cases cited by State Farm, the courts have generally disallowed costs for depositions that would have been otherwise useful to the party seeking costs. For example, the court in *Transamerica* stated that, "[b]ecause the district court's dismissal order concluded this action but did not end the litigation between the parties... [the defendant] is not entitled to reimbursement for any expenses incurred in preparing work product that will be useful [to the defendant] in the ongoing litigation [in another forum]...

5

[P]ayment for any such expenses would amount to a windfall to [the defendant]." *Transamerica*, 665 F.2d at 369.  In contrast, State Farm argues that Ms. Moore should not be entitled to costs for any activities that were otherwise useful *as to other parties in the same litigation*, even though the expenses may have been independently necessary for her to prepare her own defense. The Court finds that State Farm's argument is without merit.

**IV.   CONCLUSION**

For the reasons stated above, IT IS ORDERED that Counter-Defendant Blanche Moore's Motion for a Review of Bill of Costs Determination (Rec. Doc. 735) and Defendants' Motion for District Court Review of the District Court Clerk's Award of Costs to Blanche Moore (Rec. Doc. 737) ARE BOTH DENIED.  Having reviewed the relevant law, the parties' briefing, and the Clerk's Bill of Costs *de novo*, the Court approves and adopts the Clerk's Bill of Costs and enters judgment in favor of Ms. Moore in the amount of $10,923.07.

New Orleans, Louisiana, this 4th day of December, 2008.

_____
UNITED STATES DISTRICT JUDGE